IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bruce Teitelbaum and CNTRST Debt Recovery, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> Ruben Ybarra, YRY Holdings LLC, Boulder Hills Apartments, <br><br> Defendant. | CASE NO. 21-CV-02702 <br><br> HON. SARA E. ELLIS <br><br> MAGISTRATE HON. JEFFREY I CUMMING |

**PLAINTIFFS' UNOPPOSED MOTION TO
EXTEND FACT DISCOVERY DEADLINE
IN CASES CONSOLIDATED FOR DISCOVERY**

Bruce Teitelbaum and CNTRST Debt Recovery, L.L.C. ("Plaintiffs"), for their Unopposed Motion to Extend the Deadline for Conducting Fact Discovery in this case, and Case No. 21-CV-02576, state as follows:

1. On May 19, 2021, Plaintiffs filed their Complaint and thus commenced the above-referenced case (DE 1) ("Complaint").

2. On July 22, 2021, Defendants filed the Defendants' Combined Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (DE 12)

3. On December 15, 2021, the Court entered an Order dismissing without prejudice the claim under the Declaratory Judgment Act (DE 27). The order of December 15, 2021, also advised that fact discovery closes on July 26, 2022. The parties were further directed in the December 15, 2021 order, to file a joint status report by July 26, 2022 indicating the status of fact discovery, the status of settlement discussions, and whether the parties request a referral to the magistrate judge for settlement purposes; whether the parties require expert discovery prior to dispositive

motion practice; and proposed schedules for expert discovery and summary judgment briefing, where applicable. *Id.*

4. Pursuant to Fed. R. Civ. P. 12(a)(4), Defendants' answer to the Complaint was due on or before December 29, 2021. Fed. R. Civ. P. 12(a)(4). Defendants requested, and Defendants were granted, additional time to answer the Complaint up to and including January 28, 2022 (DE 31). That request was unopposed by Plaintiffs.

5. The Court's Order of December 15, 2021, also required the parties to propound written discovery on or before January 21, 2022 (DE 27). The date to propound written discovery was then extended to February 11, 2022. This occurred after the Court granted Defendants' motion for additional time to answer to January 28, 2022 (DE 34).

6. Since February, Plaintiffs and Defendants have propounded written party discovery. Plaintiffs believe additional time is needed to complete written party discovery. Each side has objected to certain aspects of the written discovery and the parties are endeavoring to resolve any issues and seeking the involvement of the Court for issues that have not been resolved consensually.

7. In addition to the party discovery, Plaintiffs also served eight (8) subpoenas to obtain documents and oral testimony from third parties. At present, most of the recipients of the subpoenas have indicated they require additional time to provide responsive documents. Once compliance with the document request has been obtained, Plaintiffs intend to depose the recipients of the subpoenas. Plaintiffs also anticipate serving an additional ten (10) or so more subpoenas to third parties.

8. On May 31, 2022, the Court entered an Order consolidating discovery in this case with discovery in a similar case before the Court involving a

different plaintiff, but the same defendants and similar factual allegations. *See CenTrust Bank, N.A. v. Ybarra, et al.*, 21-CV-02576. The CenTrust Bank cases involves the same defendants as this case and similar facts and causes of action. Plaintiffs anticipate that a request similar to this one will be filed in the CenTrust Bank case. Plaintiffs also have been working with CenTrust Bank to coordinate consolidated discovery.

9. In light of the foregoing, Plaintiffs request an additional ninety-days (90) days to complete fact discovery in this case. This request is not interposed for purposes of delay or to obtain any improper advantage. Plaintiffs require additional time to complete fact discovery because (a) written discovery was propounded approximately 120-days ago and completing it requires additional time, (b) the parties are endeavoring to resolve contested issues related to written discovery, but anticipate Court intervention on certain discovery issues will be needed, (c) until written discovery is completed, Plaintiffs are unable to commence party-depositions, and (d) discovery from third-parties is taking longer than anticipated due to scheduling issues outside of Plaintiffs' control.

10. During a Rule 37 conference, Defendants were asked, through counsel, if they had an objection to extending the deadline for fact discovery and Defendants indicated they did not object to such an extension.

WHEREFORE, for all of the reasons set forth herein, Bruce Teitelbaum and CNTRST Debt Recovery, respectfully request that the Court extend the deadline for the parties to complete fact discovery by 90 days to October 28, 2022, and provide such other and further relief as is warranted.

          Respectfully submitted,

          **Bruce Teitelbaum and**
          **CNTRST Debt Recovery LLC**


          By: /s/William J. Factor
          One of Their Attorneys

William J. Factor (6205675)
FACTORLAW
105 W Madison, Suite 1500
Chicago, Illinois 60602
Telephone: 312-878-6976
wfactor@wfactorlaw.com

{00222743}        4