IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CNTRST DEBT RECOVERY, LLC and BRUCE TEITELBAUM | ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | Case No. 21-cv-02702 |
| v. | ) ) | Hon. Judge Sara L. Ellis |
| RUBEN YBARRA, YRY HOLDINGS, LLC and BOULDER HILL APARTMENTS, LLC | ) ) ) | Hon. Magistrate Maria Valdez |
| Defendants/Counter-Plaintiffs. | ) ) | |

## JOINT STATUS REPORT

Now come CNTRST Debt Recovery ("**CNTRST**" or "**CDR**") and Bruce Teitelbaum (together, the "**CDR Parties**"), along with Ruben Ybarra ("**Ybarra**"), YRY Holdings LLC ("**YRY**") and Boulder Hill Apartments, LLC ("**BHA**", and collectively with Ybarra and YRY, the "**Ybarra Parties**") by and through their respective attorneys, and file this Joint Status Report, pursuant to this Court's order of February 15, 2023 (See Dkt. 47).

**I.    STATUS OF THE YBARRA PARTIES' COUNTERCLAIMS**

On January 6, 2023, the Court entered an order granting the Ybarra Parties' Motion to Amend Answer, thereby authorizing the Ybarra Parties to file counterclaims. On January 13, 2023, the Ybarra Parties filed their 5-count counterclaim against the CDR Parties (the "**Counterclaim**") (Dkt. No. 44). The Counterclaim allegations relate to conduct in proceedings that had been pending in the Circuit Court of Cook County.

On February 23, 2023, the CDR Parties filed a motion to dismiss each of the counts of the Counterclaim (the "**Motion to Dismiss Counterclaims**") (Dkt. No. 52). The Court entered a Minute Order on April 4, 2023, granting the Ybarra Parties until April 12, 2023, to file a

response to the Motion to Dismiss Counterclaims, and granting the CDR Parties until April 26, 2023, to file a reply brief, which was then extended to May 1, 2023.

The parties just completed briefing of the Motion to Dismiss Counterclaims last week, and no ruling has been entered determining which, if any, of the counts of the Counterclaim will go forward. Nor have the CDR Parties been required to answer the Counterclaim yet, due to the pending Motion to Dismiss Counterclaims.

## II.     THE STATUS OF FACT DISCOVERY

On May 9, 2023, the CDR Parties filed their Unopposed Motion for Order Extending Fact Discovery to August 18, 2023 (the "**Motion to Extend Fact Discovery**"), in which they requested that the Court extend the fact discovery deadline to August 18, 2023, at the earliest.

As set forth in the Motion to Extend Fact Discovery, the existing discovery deadline was set based upon issues and facts that were raised in the Complaint filed by the CDR Parties (Dkt. No. 1) and did not contemplate the new facts or issues raised in the Counterclaim. Additional time is thus needed to conduct discovery on these new facts and issues.

Furthermore, the parties are not yet at issue on the facts and issues raised in the Counterclaim. In fact, the CDR Parties have moved to dismiss all of the counts in the Counterclaim. Additional time is thus needed to help develop fully the facts and issues that are disputed and the discovery that will be needed from the parties, and third parties, to address the disputed issues.

As to the existing discovery. from June through October of 2022, the Court heard and resolved discovery motions that had been filed by Centrust Bank, when it was still involved in

this litigation.[1]   The discovery addressed the cause of action asserted by the CDR Parties and Centrust Bank, in their respective cases, which had been consolidated for discovery. (Dkt. No. 66, Case No. 21-cv-02576)

Thus far, the parties have exchanged written discovery and produced documents. Additional actions in respect to this discovery has not proceeded in large part because of the briefing on the motion for leave to file the Counterclaim, which was filed in August of 2022, the filing of the Counterclaim in January of 2023, and the pendency of the Motion to Dismiss the Counterclaim.

### III. THE STATUS OF ANY SETTLEMENT DISCUSSIONS AND WHETHER THE PARTIES WOULD LIKE A REFERRAL TO THE MAGISTRATE JUDGE FOR SETTLEMENT PURPOSES

Settlement discussions are not currently ongoing between the parties. The parties agree that a settlement conference before the Magistrate Judge could be useful at this time, and request that the court refer this matter accordingly.

### IV. WHETHER THE PARTIES BELIEVE THAT THEY NEED EXPERT DISCOVERY PRIOR TO DISPOSITIVE MOTION PRACTICE

The parties believe that expert discovery may be needed prior to dispositive motion practice.

### V. PROPOSED SCHEDULES FOR EXPERT DISCOVERY AND SUMMARY JUDGMENT BRIEFING

The parties propose the following schedule for expert discovery, which ties the expert discovery and dispositive motion schedule to the fact discovery deadline to be set by the Court in

---

[1] *See* Centrust Bank N.A. v. Ruben Ybarra, YRY Holdings, LLC, and Boulder Hill Apartments, LLC, 21-cv-02576 (the Centrust Bank Case").

ruling upon the Unopposed Motion for Order Extending Fact Discovery:

- Expert Discovery Deadline – four months following close of fact discovery.
    - Expert reports to be delivered by one month following close of fact discovery.
    - Rebuttal reports to be delivered by two months following close of fact discovery.
- Dispositive Motions to be filed by five months following close of fact discovery.

Dated: May 11, 2023                            Respectfully submitted,

| **RUBEN YBARRA, YRY HOLDINGS LLC, AND BOULDER HILL APARTMENTS, LLC** | **CNTRST DEBT RECOVERY AND BRUCE TEITELBAUM.** |
|---|---|
| By: /s/ Christopher V. Langone | By: */s/ William J. Factor*<br>One of their Attorneys |
| Christopher V. Langone<br>205 North Michigan Ave.<br>Suite 810<br>Chicago, IL 60601<br>(312) 720-9191<br>Chris@LangoneLaw.com | William J. Factor<br>Lars A. Peterson<br>**FACTORLAW**<br>105 W. Madison Street, Suite 1500<br>Chicago, IL 60602<br>(312) 878-6146<br>wfactor@wfactorlaw.com<br>lpeterson@wfactorlaw.com |